# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-188V
Filed: October 14, 2020
UNPUBLISHED

| | |
|---|---|
| TANJA WAGNER and SCOTT WAGNER, on behalf of their Minor Child, S.W., | Special Master Horner |
| Petitioner, | Petitioners' Motion for Decision Dismissing Petition |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Andrew Donald Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On February 1, 2019, petitioners filed a claim, on behalf of their minor child, S.W., under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that S.W. suffered an adverse reaction, including postural orthostatic tachycardia syndrome ("POTS"), as a result of her third Gardasil Human papillomavirus (HPV) vaccination administered on February 1, 2016. (ECF No. 1.)

### I.   Procedural History

This case was initially assigned to Special Master Oler. (ECF No. 4.) From March 29, 2019 to August 7, 2019, petitioners filed supportive medical records and a Statement of Completion. (ECF Nos. 7, 9, 10, 13, 16, 17.) On August 27, 2019, this case was reassigned to my docket. (ECF No. 19.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

Thereafter, respondent requested, in a status report, additional medical records. (ECF No. 22.) Petitioners filed additional records and requested further additional time to file any outstanding records and an amended Statement of Completion. (ECF No. 37.) However, instead of filing further medical records, on September 20, 2020, petitioners filed an expert report from Dr. Mitchell Miglis to support their claim. (ECF No. 38-40.)

Subsequently, on September 28, 2020, petitioners filed a motion for a decision dismissing the petition. (ECF No. 41.) Petitioners indicated that petitioners "have made the choice that they would like to opt out of the Vaccine Program in advance of the Court ruling on entitlement. They wish to pursue an action in district court against Merck directly. This choice should not be viewed in any way that Petitioners do not believe in the merits of their claim or that S.W.'s injuries are not a result of Gardasil." (ECF No. 41, p. 3.) Petitioners "do intend to protect their rights to file a civil action." (*Id.*) In response, respondent filed his Rule 4(c) report, recommending against compensation. (ECF No. 42.) Additionally, respondent requested that the special master enter a decision denying compensation and dismissing the petition. (*Id.* at 12.)

Petitioners acknowledge in their motion that this dismissal will be an adjudication on the merits ("Petitioner understands that the Special Master in [the] Dismissal Decision must make basic findings of fact and conclusions of law consistent with 42 U.S.C. § 300aa-12(d)(3)(A)(1)") and will result in a final judgment ("They have been advised that such a judgment will end all of her rights in the Vaccine Program"). (ECF No. 41, p. 3.) Moreover, similar motions in other cases have resulted in dismissal with prejudice. *McElerney v. Sec'y of Health & Human Servs.*, No. 16-1540V, 2020 WL 4938429 (Fed. Cl. Spec. Mstr. July 28, 2020); *Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, 2020 WL 4719285 (Fed. Cl. Spec. Mstr. June 17, 2020).

## II. Discussion

To receive compensation in the Vaccine Program, petitioners must prove either (1) that S.W. suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy their burden of proving causation in fact, petitioners must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). No "Table Injury" was alleged in this case. Nor did an examination of the record uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain preponderant evidence indicating that S.W.'s alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical

records or by the opinion of a competent physician.  § 13(a)(1).  Although petitioners offered a medical opinion from Dr. Miglis, the medical opinion alone did not provide persuasive evidence supporting a finding of entitlement.  Nor did petitioners present a reliable medical theory causally connecting S.W.'s HPV vaccination to POTS.

Notably, there have been a number of prior decisions within the Vaccine Program addressing and rejecting causal theories linking the HPV vaccine to POTS and/or autonomic nervous system dysfunction.  *See, e.g., Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2018 WL 2051760 (Fed. Cl. Spec. Mstr. Mar. 23, 2018); *Combs v. Sec'y of Health & Human Servs.*, No.14-878V, 2018 WL 1581672 (Fed. Cl. Spec. Mstr. Feb. 15, 2018); *L.A.M. v. Sec'y of Health & Human Servs.*, No. 11-852V, 2017 WL 527576 (Fed. Cl. Spec. Mstr. Jan. 31, 2017); and *Turkopolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2014 WL 2872215 (Fed. Cl. Spec. Mstr. May 30, 2014).  In *Balasco v. Secretary of Health & Human Services*, I previously found such a theory unpersuasive in another case based in part on an opinion provided by Dr. Miglis, who also opines in this case.  No. 17-215V, 2020 WL 1240917 (Fed. Cl. Spec. Mstr. Feb. 14, 2020).  Petitioners have not provided any persuasive evidence that distinguishes this theory.

Therefore, I do not find that petitioners have met their burden in this case.

### III.   Conclusion

Petitioners' Motion for Decision Dismissing the Petition is **GRANTED**.   This petition is **DISMISSED with prejudice** for insufficient proof.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.